980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe RICHERT, Defendant-Appellant.
 No. 91-10628.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Nov. 30, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Felipe Richert appeals his conviction following a guilty verdict in his trial on one count of possession with intent to distribute 415 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). Richert contends that the district court erred by denying his motion to suppress evidence because the border patrol agent who stopped his vehicle lacked founded suspicion of criminal conduct.
 
 
 3
 Appellant was stopped early one morning by U.S. Border Patrol agents. The agents had been advised by electronic sensors that a border crossing had occurred. Subsequent sensors indicated to the agents the approximate direction and speed of the suspected vehicle. A pickup truck driven by appellant was seen at a point and direction consistent with the agents' experience given the information provided by the sensors. The truck was covered with dust and mud, also consistent with a trip through terrain used by smugglers. The agents approached the vehicle. Appellant did not pull over, but instead jumped out of the vehicle along with the other occupants. Appellant was arrested and a search of the vehicle turned up some 400 pounds of marijuana. The district court denied appellant's motion to suppress the evidence based on an allegation that the stop was illegal. Appellant was convicted and appeals.
 
 
 4
 The circumstances known to the border patrol agents demonstrate that there was reasonable suspicion to stop Richert. After being apprised by sensors that an illegal border crossing had occurred, agents set up surveillance at a point they believed based on their prior experience the vehicle would be traveling. Agents spotted a pickup truck that was dusty and dirty, as would be likely for a vehicle that had travelled across the rough terrain from the border crossing point to the point of surveillance. The occupants of the vehicle looked nervous and the windows were open in a way commonly used to air out the smell of marijuana. The load in the truck was also suspicious in nature and consistent with drug smuggling. This information was clearly enough to initiate a Terry stop given the totality of the circumstances. United States v. Sokolow, 490 U.S. 1 (1989); see also United States v. Santamaria-Hernandez, No. 91-50376, slip op. 8079 (9th Cir. July 7, 1992).
 
 
 5
 The district court ruled correctly.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3